# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 35

*October Term, A.D. 2021*

_____

*March 9, 2022*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.                                                          D-22-0001

CHRISTOPHER W. THROSSEL,
WSB #7-6377,

Respondent.

## ORDER OF SIX-MONTH SUSPENSION

[¶ 1]   **This matter** came before the Court upon the Board of Professional Responsibility's Report and Recommendation for Order of Reciprocal Discipline, filed herein March 1, 2022.  The Report and Recommendation was filed pursuant to the following Wyoming Rules of Disciplinary Procedure:  Rule 12 (Stipulated Discipline) and Rule 19 (Discipline Imposed by Foreign Jurisdiction).  The Court, after a careful review of the Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Christopher W. Throssel should be suspended from the practice of law for six months.  It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Order of Reciprocal Discipline, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Order of Reciprocal Discipline, Respondent Christopher W. Throssel shall be, and hereby is, suspended from the practice of law for six months, with the suspension commencing December 28, 2021, the effective date of Respondent's suspension in Colorado; and it is further

[¶ 4]   **ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules.  That rule governs the duties of disbarred and suspended attorneys; and it is further

[¶ 5]   **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Respondent shall reimburse the Wyoming State Bar the amount of $50.00, which represents the costs incurred in handling this matter, as well as pay an administrative fee of $750.00.  Respondent shall pay the total amount of $800.00 to the Wyoming State Bar on or before May 2, 2022.  If Respondent fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 6]   **ORDERED** that the Wyoming State Bar may issue the agreed press release contained in the Report and Recommendation for Order of Reciprocal Discipline; and it is further

[¶ 7]   **ORDERED** that the Clerk of this Court shall docket this Order of Six-Month Suspension, along with the incorporated Report and Recommendation for Order of Reciprocal Discipline as a matter coming regularly before this Court as a public record; and it is further

[¶ 8]   **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Six-Month Suspension, along with the incorporated Report and Recommendation for Order of Reciprocal Discipline shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 9]   **ORDERED** that the Clerk of this Court cause a copy of this Order of Six-Month Suspension to be served upon Respondent Christopher W. Throssel.

[¶ 10]  **DATED** this 9th day of March, 2022.

BY THE COURT:

/s/

**KATE M. FOX**
**Chief Justice**

**BEFORE THE SUPREME COURT**
**STATE OF WYOMING**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

MAR - 1 2022

SHAWNA GOETZ, CLERK
by CHIEF DEPUTY

*In the matter of* )
*CHRISTOPHER W. THROSSEL,* )
*WSB # 7-6377,* )          *WSB No. 2022-007*
)
*Respondent.* )

**REPORT AND RECOMMENDATION**
**FOR ORDER OF RECIPROCAL DISCIPLINE**

THIS MATTER came before a Review Panel of the Board of Professional Responsibility on the 11ᵗʰ day of February, 2022, for consideration of the Stipulated Motion for Order of Reciprocal Discipline submitted pursuant to Rules 12 and 19 of the Wyoming Rules of Disciplinary Procedure, and the Panel having reviewed the Stipulation, the accompanying affidavit of factual basis and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows:

1.      Respondent was admitted to practice in Wyoming in 2020.  He is a resident of Colorado, where he is also licensed to practice law.

2.      During 2020, Respondent was charged with two separate acts of domestic violence in Colorado. Respondent pleaded guilty to both charges and was placed on probation. Respondent thereafter completed domestic violence treatment he was required to undergo as a condition of probation. Respondent has complied with all other terms of his probation.

3.      On October 21, 2021, Respondent entered into a "Stipulation, Agreement and Affidavit Containing Respondent's Conditional Admission of Misconduct" in which Respondent conditionally admitted violating Rule 8.4(b) of the Colorado Rules of Professional Conduct.

4.      On December 28, 2021, an order approving the stipulation was entered by Judge William R. Lucero, Presiding Disciplinary Judge of the Colorado Supreme Court. A true and

correct copy of said order is attached hereto as Exhibit 2. The effect of the order is to suspend Respondent from the practice of law for a period of six months commencing December 28, 2021.

5.      Wyoming's Rule of Professional Conduct 8.4(b) is identical to the Colorado rule and provides, "It is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

6.      Rule 19 of the Wyoming Rules of Disciplinary Procedure requires Bar Counsel to file a formal charge against a member of the Wyoming State Bar upon receiving notice that the attorney has been publicly disciplined in another jurisdiction. Rule 19(d) provides:

> Upon receiving notice that an attorney subject to these rules has been publicly disciplined in another jurisdiction, Bar Counsel shall obtain the disciplinary order and prepare and file a formal charge against the attorney as provided in Rule 13. If Bar Counsel intends either to claim that substantially different discipline is warranted or to present additional evidence, notice of that intent shall be given in the formal charge. If the attorney intends to challenge the validity of the disciplinary order entered in the foreign jurisdiction, the attorney must file with the BPR Clerk an answer and a full copy of the record of the disciplinary proceedings which resulted in the imposition of that disciplinary order within 21 days after service of the formal charge or such greater time as the BPR Chair may allow for good cause shown. At the conclusion of proceedings brought under this Rule, the BPR shall issue a report and recommendation that the same discipline be imposed as was imposed by the foreign jurisdiction, unless it is determined by the BPR that:

> (1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

> (2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the BPR cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

> (3) The imposition of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

> (4) The misconduct proved warrants that a substantially different form of discipline be recommended by the BPR.

7.      Rule 19(a) provides, "Except as otherwise provided by these rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these rules, conclusively establish such miscon-

2

duct." The Colorado order suspending Respondent for a period of six months is a final adjudication of such misconduct.

8. In this instance, Bar Counsel does not claim that substantially different discipline is warranted. Respondent does not challenge the validity of the Colorado order of suspension. Both parties agree that it would not be an efficient use of resources to require the filing of a formal charge in this matter. Respondent concedes that his conduct in the underlying disciplinary proceeding constitutes a violation of Rule 8.4(b) of the Wyoming Rules of Professional Conduct. If the Wyoming Supreme Court accepts this recommendation and suspends Respondent for a period of six months, the parties agree that the following press release may be issued:

> The Wyoming Supreme Court has issued an order suspending Christopher Throssel of Fort Collins, Colorado, from the practice of law in Wyoming for a period of six months commencing December 28, 2021. Throssel, who was admitted to the Wyoming State Bar in January 2020 and has been licensed to practice law in Colorado since November 2018, was charged with two acts of domestic violence in Colorado. Throssel pleaded guilty to both charges and was placed on probation. Throssel thereafter completed domestic violence treatment he was required to undergo as a condition of probation. Throssel has complied with all other terms of his probation.

> Throssel's criminal conviction in Colorado led to the initiation of disciplinary proceedings against Throssel by the Colorado Supreme Court's Office of Attorney Regulation. In the Colorado disciplinary proceeding, Throssel admitted that his conduct in the domestic violation incidents violated Colorado Rule of Professional Conduct 8.4(b), which states, "It is professional misconduct for a lawyer to … commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Throssel agreed that a six-month suspension of his license to practice law was warranted. On December 28, 2021, an order was entered suspending Throssel from the practice of law in Colorado for a period of six months.

> Throssel reported his Colorado suspension to the Office of Bar Counsel for the Wyoming State Bar. Following review of the Colorado proceedings, noting that Wyoming Rule of Professional Conduct 8.4(b) is identical to the Colorado rule, Bar Counsel agreed that a six-month suspension of Throssel's license to practice law in Wyoming was warranted. Throssel agreed and stipulated to a six-month suspension. The Board of Professional Responsibility (BPR) approved the stipulation and recommended that a six-month order of suspension be issued. In accepting the BPR's recommendation and suspending Throssel's license to practice law in Wyoming for a period of six months, the Wyoming Supreme Court or-

3

dered Throssel to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar.

For the foregoing reasons, a Review Panel of the Board of Professional Responsibility recommends that:

1.      The Court issue an Order of Reciprocal Discipline suspending Respondent for a period of six months commencing December 28, 2021, the effective date of Respondent's suspension in Colorado;

2.      Approving the issuance of the above-quoted press release; and

3.      Order Respondent to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

DATED this 28th day of February, 2022.

Robert C. Jarosh, Review Panel Chair
Board of Professional Responsibility
Wyoming State Bar

4